UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIRK JOSEPH,

Plaintiff,

v.

BEJAMIN DENTON SCHNEIDER, et al.

Defendants.

2:25-cv-2672-CKD P

ORDER

Plaintiff Kirk Joseph, a state prisoner, proceeds without counsel and requests to proceed in forma pauperis. This matter was referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). For screening purposes, plaintiff's complaint states Eighth Amendment deliberate indifference claims against defendants Martinez, Larbaga, and Lee. No other claims are stated. Plaintiff may proceed on the Eighth Amendment claims against these three defendants or plaintiff may file an amended complaint under the guidelines set forth below.

**I.      In Forma Pauperis**

Plaintiff's declaration in support of the motion to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a). The motion is granted. By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). The order will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be

1

obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.    Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III.    Allegations in the Complaint

On November 3, 2025, at California Medical Facility, kitchen staff Martinez, Larbaga, and Lee had plaintiff and plaintiff's co-worker "do a task they had no business doing" but plaintiff followed a direct order given and moved an industrial refrigerator weighing 800 pounds. (ECF No. 1 at 3.) Plaintiff and his co-worker "both asked to use some type of moving equipment like a dolly" to complete the task safely but were told "no." (Id. at 3.) This inflicted "unnecessary and wanton pain" and "severe damage" on plaintiff's life. (Id.) Plaintiff further alleges primary clinical physician Benjamin Denton Schneider and ADA coordinator Landon Brave "had the power to help… relieve much of the suffering [plaintiff] was undergoing but [his] hardships were overlooked" which was deliberate indifference and cruel and unusual punishment. (Id.)

## IV.    Discussion

Prison officials must take reasonable measures to guarantee inmates' safety. See Hudson v. Palmer, 468 U.S. 517, 526-27 (1984). A prison official can be liable for failing to protect only if: (1) there is an "excessive" and "substantial risk of serious harm," and (2) the official is subjectively aware of the risk but deliberately ignores it. Farmer v. Brennan, 511 U.S. 825, 828-29 (1994).

Although some of plaintiff's allegations are quite vague, liberally construed, the complaint states Eighth Amendment deliberate indifference claims against kitchen staff Martinez, Larbaga,

and Lee, and no other claims. For screening purposes, plaintiff adequately alleges these defendants were deliberately indifferent to an obvious and substantial risk of harm to plaintiff's health or safety. See Farmer, 511 U.S. at 847.

Plaintiff does not state a claim against defendant Dr. Schneider or defendant ADA Coordinator Bravo. The complaint does not allege any specific facts about the actions or inactions of these defendants that allegedly caused any harm suffered by plaintiff. Merely alleging these defendants had the power to help but did not do so does not suffice to suggest any subjective awareness of a risk of substantial harm to plaintiff and that either defendant deliberately ignored that risk. See Farmer, 511 U.S. at 828. Neither does alleging these defendants' conduct was "deliberate indifference" or "cruel and unusual punishment" suffice to state a claim. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (In order to state a cognizable claim, a complaint must contain more than "naked assertions" or "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level.").

In addition, although plaintiff alleges he was under Warden Cueva's care, the complaint fails to allege facts under which defendant Cueva was in a position to take steps to avert the incident, but failed to do so intentionally or with deliberate indifference. See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988). A supervisor may be held liable if there exists either personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. See Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011). The complaint alleges no such allegations as to Warden Cueva.

V.      Leave to Amend

Plaintiff may proceed on the complaint as screened or plaintiff may file an amended complaint. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff must complete and return to the court the attached notice along with any optional amended complaint. This opportunity to amend is not for the purposes of adding new and unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

3

1967). An amended complaint should be titled "First Amended Complaint" and should reference the case number.

If plaintiff chooses to proceed on the claims stated, the court will construe the choice as a request to voluntarily dismiss the other claims and defendants pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure. Then the court will send plaintiff the necessary forms for service of the complaint on defendants Martinez, Larbaga, and Lee.

### VI.    Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English. This summary is not intended as legal advice.

The undersigned screened your complaint and found your allegations state Eighth Amendment deliberate indifference claims against defendants Martinez, Larbaga, and Lee. Your complaint does not state any other claims. You may proceed on the complaint as screened or file an amended complaint. You must complete the attached notice and return it to the court within 30 days from the date of this order, along with any optional amended complaint.

### VII.    Conclusion

In accordance with the above, IT IS HEREBY ORDERED as follows:

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 7) is GRANTED.

2.  For screening purposes, plaintiff's complaint states Eighth Amendment deliberate indifference claims against defendants Martinez, Larbaga, and Lee; plaintiff may proceed on the complaint as screened or file an amended complaint.

3.  Within thirty (30) days of the date of this order, plaintiff shall complete and return the attached Notice of Election form along with any optional amended complaint.

4.  Failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

Dated:  April 1, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, jose2672.scrn.elect

4

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK JOSEPH,<br><br>                Plaintiff,<br><br>        v.<br><br>BENJAMIN DENTON SCHNEIDER, et al.,<br><br>                Defendants | 2:25-cv-2672-CKD P<br><br><br>NOTICE OF ELECTION |

Check **one:**


_____    Plaintiff wants to proceed on the complaint as screened with Eighth Amendment deliberate indifference claims against defendants Martinez, Larbaga, and Lee. Plaintiff understands that by choosing to proceed on the complaint as screened, the court will construe this as a request to voluntarily dismiss any other claims and defendants pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.


_____    Plaintiff wants to amend the complaint.


DATED:_____                    _____
                                                                                                Plaintiff


8 jose2672.scrn.elect

5