UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK JOSEPH,<br>Plaintiff,<br>v.<br>BENJAMIN DENTON SCHNEIDER, et al.<br>Defendants. | 2:25-cv-2672-CKD P<br><br><u>ORDER</u> <u>AND</u><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff is a state prisoner proceeding without counsel and seeking relief under 42 U.S.C. § 1983. This case is before the undersigned by operation of Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). For the following reasons, the undersigned recommends this case proceed on certain claims in plaintiff's original complaint and that all other claims and defendants be dismissed without further leave to amend.

The undersigned previously screened plaintiff's original complaint (ECF No. 1) and found it states only the following claims: Eighth Amendment deliberate indifference claims against defendants Martinez, Larbaga, and Lee based on allegations they were deliberately indifferent to an obvious and substantial risk of harm to plaintiff's health or safety by ordering plaintiff and a co-worker to move an industrial refrigerator weighing 800 pounds and denying their request for moving equipment. (ECF No. 8.) The undersigned gave plaintiff the option of proceeding on those claims or filing an amended complaint. (<u>Id.</u> at 4.)

Plaintiff filed a first amended complaint, which the undersigned construed as a supplement to the claims already stated in the original complaint because it did not contain the claims against defendants Martinez, Larbaga, and Lee. (ECF Nos. 13, 16.) After being given a further opportunity to amend, plaintiff filed the second amended complaint presently before the court. (ECF No. 17.)

In the second amended complaint, plaintiff again omits the claims against defendants Martinez, Larbaga, and Lee, and alleges defendant Schneider was deliberately indifferent by "overlooking" plaintiff's medical needs after the incident and not giving plaintiff a CT scan or MRI. (ECF No. 17 at 2-3.) Plaintiff believes his lasting mobility impairments from the incident with the industrial refrigerator could have been lessened if he had received treatment when the incident first happened. (Id. at 3.) However, plaintiff's vague allegations against defendant Schneider do not suffice to allege deliberate indifference to an obvious and substantial risk of harm to plaintiff's health or safety.

In order to be liable for deliberate indifference under the Eighth Amendment, a defendant must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Mere indifference, negligence, or medical malpractice" will not support a claim of deliberate indifference. Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1082 (9th Cir. 2013) (citation and internal quotation marks omitted); see Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998) ("Mere negligence in the provision of medical care… does not constitute a constitutional violation.") (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)). Accordingly, describing conduct that is, at most, mere medical malpractice and labeling it as deliberately indifferent does not suffice to state a claim. A difference in opinion about the appropriate course of treatment is insufficient to establish a defendant acted with deliberate indifference. See Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).

Plaintiff's allegations against defendant Schneider lack sufficient factual detail to state a plausible claim. Naked assertions, labels and conclusions, and formulaic recitations of the elements of a cause of action do not state a claim. See Bell Atlantic Corp. v. Twombly, 550 U.S.

544, 555-57 (2007). Plaintiff does not allege any facts showing, for example, how defendant Schneider should have known plaintiff needed medical care that was not provided, or when defendant Schneider allegedly failed to order a CT scan or MRI for plaintiff. Plaintiff does not state when he saw defendant Schneider in relation to the incident with the industrial refrigerator or the details of any examination by defendant Schneider or request for medical care. The bare facts alleged do not suffice to state a deliberate indifference claim.

As the court previously informed plaintiff that vague allegations will not meet the pleading standard without specific facts to show a defendant had the power to help but deliberately ignored a risk to plaintiff (ECF No. 8 at 2-3), it appears plaintiff is unable to state additional claims for relief other than those already stated in the original complaint. Although plaintiff has twice elected to file an amended complaint and did not include his claims against defendants Martinez, Larbaga, and Lee in those amended complaints, plaintiff has not specifically informed the court he intends to abandon the claims he stated in the original complaint. The court liberally construes plaintiff's pro se pleadings and infers plaintiff does not intend to abandon the claims he stated in the original complaint.

Accordingly, for the reasons set forth in the screening order dated April 2, 2026 (ECF No. 8), this case should proceed on plaintiff's original complaint filed on September 15, 2025 (ECF No. 1) with the Eighth Amendment claims against defendants Martinez, Larbaga, and Lee. All other claims should be dismissed without further leave to amend. See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances at this time. Plaintiff's request for the appointment of counsel will

therefore be denied without prejudice to renewal at a later stage of the case or for a limited purpose in connection with this case.

In accordance with the above, IT IS ORDERED as follows:

1. Plaintiff's motion for appointment of counsel (ECF No. 14) is DENIED without prejudice.
2. The Clerk of the Court shall assign a district judge to this case.

IT IS RECOMMENDED as follows:

1. This case proceed on plaintiff's original complaint filed on September 15, 2025 (ECF No. 1) with plaintiff's Eighth Amendment claims against defendants Martinez, Larbaga, and Lee and all other claims be dismissed without further leave to amend.
2. Defendants Schneider, Cueva and Bravo be dismissed from this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 19, 2026

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 jose2672.fr.claims